GUY GENTILE
MEYDAN GRANDSTAND, 6TH FLOOR MEYDAN ROAD, NAD AL SHEBA
DUBAI, UNITED ARAB EMIRATES, AA 99999

Mailed via DocuPost.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*SNGLP         PL1 T1  P1 S1
U.S. DISTRICT COURT OF PUERTO RICO
CLERK OF COURT
150 CARLOS CHARDÓN STREET
FEDERAL BUILDING, ROOM 150
SAN JUAN PR 00918

2026 JAN 8 AM 10:11

CLERK'S OFFICE USDC PR

RECEIVED

DPTRID Locator 1766141034370x238680503962566660

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 3:24-mc-00186-GMM <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 3:24-mc-00187-GMM <br><br> ECF Case |

**MOTION TO RECOGNIZE AND EXTEND COMITY TO FOREIGN BANKRUPTCY AND FOR A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY**

TO THE HONORABLE COURT:

Defendant Guy Gentile, appearing *pro se*, respectfully moves this Court to recognize and give effect—under principles of international comity—to the foreign bankruptcy proceeding commenced in the United Arab Emirates ("UAE") and to stay all post-judgment discovery and enforcement proceedings in these related matters. As detailed in the attached Declaration of Guy Gentile, Mr. Gentile is currently subject to a court-supervised insolvency process initiated under UAE Federal Law No. 51/2023, with the authority and oversight of the Dubai Courts. See Decl. of Guy Gentile 3 (filed Dec. 19, 2025).

Page 1

## I. INTRODUCTION

The UAE proceeding places Mr. Gentile's estate under the exclusive authority of the Dubai Court of First Instance (Bankruptcy Division), which has initiated formal case number 2025/435789. See Decl. 3. This petition, filed on November 7, 2025, is accompanied by full audited financial disclosures and a comprehensive bankruptcy assessment demonstrating Mr. Gentile's insolvency under UAE law. See Decl. ¶¶ 2, 10–11 & Exs. B–D. From the moment of filing, the UAE proceeding imposed a stay on creditor actions and stripped Mr. Gentile of unilateral asset control. See Decl. ¶¶ 9–14.

## II. LEGAL BASIS: COMITY APPLIES TO FOREIGN BANKRUPTCY OUTSIDE CHAPTER 15

Comity is a well-settled doctrine in federal law allowing deference to foreign bankruptcy regimes that are judicially supervised and creditor-protective. The Supreme Court in *Hilton v. Guyot*, 159 U.S. 113 (1895), and the Second Circuit in *Victrix S.S. Co. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987), held that deference is warranted where foreign proceedings are conducted in accordance with fair and impartial procedures.

Even absent a Chapter 15 filing, courts have repeatedly recognized and given effect to foreign insolvency proceedings. See *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996 (2d Cir. 1993); *Lindner Fund, Inc. v. Polly Peck Int'l PLC*, 143 B.R. 807 (S.D.N.Y. 1992); *JP Morgan Chase Bank v. Altos Hornos de Mexico*, 412 F.3d 418, 424 (2d Cir. 2005); *In re Treco*, 240 F.3d 148, 156 (2d Cir. 2001).

## III. THE UAE BANKRUPTCY IS LEGITIMATE, TRANSPARENT, AND JUDICIALLY CONTROLLED

The Dubai proceeding meets every requirement for deference under international comity. As documented in Mr. Gentile's declaration and exhibits:

- Filed with the Dubai Court of First Instance (Bankruptcy Division) under UAE Federal Law No. 51/2023; See Decl. 3;
- Supported by a Memorandum of Submission, Auditor's Report, and Bankruptcy Assessment; See Decl. ¶¶ 2, 10–11 & Exs. B–D;
- Enforces automatic protection of the estate under UAE court control; See Decl. 9;
- Requires full financial transparency and reporting; See Decl. 11;
- Applies a moratorium on creditor actions to preserve estate integrity. See Decl. ¶¶ 12–14.

These proceedings offer creditors procedural safeguards and fair participation. There is no basis to treat them as illegitimate or non-binding.

## IV. MR. GENTILE'S GOOD FAITH AND FINANCIAL INCAPACITY

Mr. Gentile did not file the UAE bankruptcy to evade the authority of U.S. courts. Rather, he did so because he lacks the financial means to satisfy the judgments at issue. He is not a U.S. citizen or permanent resident, has no income from U.S. sources, and resides and works lawfully in Dubai. See Decl. ¶¶ 5–8. Supporting documentation of his change of domicile includes his Emirates Resident ID, Dubai visa, lease, banking, and telecom infrastructure. See Decl. ¶¶ 15–17 & Exs. E–J.

He has no control over the assets governed by the UAE bankruptcy and is legally barred from making selective payments or disclosures without Dubai court approval. See Decl. ¶¶ 9–14.

## V. THE COURT SHOULD ISSUE A PROTECTIVE ORDER UNDER RULE 26(c)

Under Fed. R. Civ. P. 26(c), a protective order is warranted where compliance with discovery obligations would cause undue burden, violate foreign law, or conflict with a foreign sovereign's jurisdiction. Continued discovery or enforcement proceedings here would: